UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

------------------------------------------------------x
                                                  :

UNITED STATES OF AMERICA      :

                                       :        No. 18 CR 48

      v.                             :

                                      :        Judge John Z. Lee

EDWARD BASES and JOHN PACILIO,  :

                                     :        **TO BE FILED UNDER SEAL**

     Defendants.              :
------------------------------------------------------x

**MEMORANDUM IN SUPPORT OF
DEFENDANTS' UNOPPOSED MOTION FOR ISSUANCE OF
LETTERS ROGATORY**

Pursuant to Title 28, United States Code, Section 1781, this Court's inherent powers, and the Compulsory Process Clause of the Sixth Amendment, defendants respectfully move for the issuance of the attached letters rogatory requesting the aid of foreign judicial authorities in the United Kingdom so that they can obtain evidence relevant to the fair presentation of the evidence at trial. The letters seek assistance in obtaining documents important to the defendants' defense from the following foreign entities, which are employers or former employers of the defendants, as well as from the government's cooperating witness, who resides in the United Kingdom:

- ███████████████████████████████████████████████████████████, United Kingdom;

- ███████████████████████████████████████████████████
███████████, United Kingdom; and

- ███████████████████████████████████████████████████████
███████████████████, United Kingdom

The defendants understand that European laws, including the GDPR, will require that any personnel documents be obtained directly from the U.K.-based entities pursuant to U.K. legal process.[1] With respect to the balance of the other materials sought herein, the U.S.-based affiliates of the U.K. entities have not committed that they will produce those materials in response to a subpoena issued in the U.S. under Fed. Crim. P. 17.

Each of these U.K.-based entities is beyond this Court's subpoena power, and letters rogatory are the only means by which the defendants can compel them to produce the evidence at issue. For the reasons explained below, this evidence is material to defendants' ability to defend themselves. Defendants' requests are narrow and timely, and there is no sound reason not to make the requests promptly. Accordingly, defendants respectfully request that this motion be granted.[2]

Counsel for defendants have conferred with the government, which does not oppose the issuance of the letters rogatory sought herein.

I.      BACKGROUND

The United States alleges that defendants Edward Bases and John Pacilio engaged in alleged financial crimes involving commodities trading on the U.S. markets. Specifically, the government alleges that defendants: (1) between 2007 and at least 2013, conspired to engage in wire fraud and commodities fraud, in violation of Title 18, United States Code, Section 1349; and

---

[1] The defendants have communicated with the U.S.-based affiliates of ▬▬▬▬, who have confirmed that they cannot produce the personnel documents pursuant to a U.S. subpoena under Rule 17 of the Federal Rules of Criminal Procedure and that U.K. legal process would be necessary. Similarly, the defendants have conferred with the U.S.-based affiliates of ▬▬▬▬ ▬▬▬▬, who have raised the GDPR issue and to date have not committed to producing the requested documents in response to a Rule 17 subpoena.

[2] In making this motion, defendants reserve their rights to seek additional foreign discovery as circumstances develop and additional information becomes available.

2

(2) between 2009 and at least 2014, knowingly and with intent to defraud executed and attempted to execute a scheme to defraud a person in connection with a commodity for future delivery, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property in connection with the purchase and sale of a commodity for future delivery, in violation of Title 18, United States Code, Section 1348. In addition, the government alleges that in 2014, Mr. Pacilio knowingly engaged in trading, practice, and conduct on and subject to the rules of a registered entity that was "spoofing," that is, bidding and offering with the intent, at the time the bid and offer was placed, to cancel the bid and offer before execution, in violation of Title 7, United States Code, Sections 6c(a)(5)(C) and 13(a)(2). Defendants deny the allegations against them and have pleaded not guilty to the charges.

The cooperating witness, who defendants understand the government will call as a witness at trial, is a precious-metals trader who worked for the U.K.-based entities for a portion of the relevant time period and still resides in the United Kingdom. During part of the time period at issue in the case, defendants Bases and Pacilio worked at ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆, and referenced as "Bank A" in the indictment) as precious-metals traders. *See* Docket #66 at ¶¶ 1(a) and (b).³ ▆▆▆▆▆▆▆▆ (identified in the indictment as "CC-1") was also a precious-metals trader at ▆▆▆▆▆▆ London office during a portion of the relevant time period. *Id.* at ¶ 1(c). After leaving ▆▆▆▆▆▆▆▆▆▆ became a precious-metals trader at the

---

³ In order to provide greater specificity regarding the need for the letters rogatory, defendants include in this application non-public information that has been obtained through discovery produced by the government in this case pursuant to a protective order. *See United States v. Bases,* No. 18-cr-48 (N.D. Ill. Aug. 13, 2018), ECF No. 94. Accordingly, on consent of the government, the defendants respectfully request that the complete, unredacted versions of this application and the proposed letters rogatory be received by the Court *in camera* and filed under seal.

London office of ▉▉▉▉▉ (referenced as "Bank C" in the indictment). ▉▉▉▉ overlapped at ▉▉▉▉ with defendant Pacilio, who also left ▉▉▉▉▉▉▉▉▉▉. Docket # 66 at ¶ 1(b).

The government alleges that ▉▉▉ conspired with defendants Bases and Pacilio to engage in the conduct described in the indictment. *Id.* at ¶¶ 4-5, 7-13, 15, 17-18. ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

Defendants, through the letters rogatory, seek ▉▉▉▉ personnel file and communications during his employment at each U.K. entity to prepare their defense and for cross examination and impeachment purposes if he testifies.

## II. ARGUMENT

### A. This Court Has the Inherent Power To Issue Letters Rogatory To Safeguard Each Defendant's Constitutional Right To Obtain All Evidence Material to His Defense

Under the Compulsory Process Clause of the Sixth Amendment, each defendant, like all criminal defendants, has "the right to secure papers—in addition to testimony—[that are] material to [his defense]." *See U.S. v. Hubbel*, 530 U.S. 27, 54 (2000); *U.S. v. Nixon*, 418 U.S. 683, 711 (1974) ("It is the manifest duty of the courts to vindicate [guarantees of the Fifth and Sixth Amendments], and to accomplish that it is essential that all relevant and admissible evidence be produced."); *U.S. v. Tucker*, 249 F.R.D. 59, 65 (S.D.N.Y. 2008) ("Criminal defendants have the right 'to put before a jury evidence that might influence determination of guilt.' To effect this right a defendant must have the ability to obtain that evidence.") (quoting *Pennsylvania v. Ritchie*, 480 U.S. 39, 56 (1987)).

To protect this right, federal courts have the power to issue letters rogatory to secure evidence from abroad in criminal cases under 28 U.S.C. § 1781 and the judiciary's "inherent" authority. *See U.S. v. Lee*, 723 F.3d 134, 142 n.6 (2d Cir. 2013); *U.S. v. Yousef*, 327 F.3d 56, 112 & n.46 (2d Cir. 2003); *U.S. v. Mejia*, 448 F.3d 436, 445 (D.C. Cir. 2006); *U.S. v. Reagan*, 453 F.2d 165, 171-73 (6th Cir. 1971), *cert. denied*, 406 U.S. 946 (1972); *U.S. v. Staples*, 256 F.2d 290 (9th Cir. 1958). Such letters are "formal request[s] from a court in which an action is pending to a foreign court" and are commonly used to facilitate the taking of evidence from non-parties located in foreign jurisdictions. *See* 22 C.F.R. § 92.54.

Requests for the issuance of letters rogatory are one of the "procedural tools" at the disposal of a criminal defendant to obtain evidence located in a foreign country. See *United States v. Walus,* 616 F.2d 283, 304 (7th Cir.1980) (district court should have granted request of civil defendant, whose citizenship the government sought to revoke, for letters rogatory directed to the Polish War Crimes Commission); *United States v. Yousef*, 327 F.3d 56, 112 & n.46 (2d Cir. 2003); *United States v. Sensi*, 879 F.3d 888, 899 (D.C. Cir. 1989) (defendant complaining about lack of due process "did not use all the means at his disposal to obtain the needed testimony," and could have asked the district court to issue letters rogatory to gather evidence from witnesses residing overseas); *United States v. Wedding*, 2009 WL 1329146, at *1 (S.D. Cal. May 13, 2009) ("The power of the federal courts extends to requests from criminal defendants for international assistance to gather evidence in support of their defense."). Federal courts' authority to issue letters rogatory is also recognized, implicitly, in 28 U.S.C. § 1781, which allows the Department of State to receive and transmit letters rogatory issued by United States tribunals. *See* 28 U.S.C. § 1781(a)(2); *United States v. Reagan*, 453 F.2d 165, 172 (6th Cir. 1971).

5

Courts have granted requests for letters rogatory where the overseas entity was "the only entity currently in possession of the records and information vital to [movant's] case." *Brey Corp. v. LQ Management, L.L.C.*, 2012 WL 3127023, *3. As explained below, this standard is met here, where defendants have submitted specific requests, and the London-based entities are the only entities able to provide information important to defendants' case.

**B.     The Sought-After Letters Rogatory Request Information That Is Material, Admissible, and Specific**

Defendants request material, admissible and specific information – namely, ▓▓▓ personnel file and communications during the relevant period. The requests arise from discovery that the government has provided concerning ▓▓▓, and they are important to the defendants' abilities to prepare their respective defenses, including but not limited to their abilities effectively to cross-examine the witness. *See United States v. Baker*, 453 F.3d 419, 425 (7th Cir. 2006) (defining as "material" to the preparation of the defense documents that are "exculpatory or helpful for impeachment"); *United States v. Caputo*, 373 F. Supp. 2d 789, 793 (N.D. Ill. 2005) (documents are "material to preparing the defense" if they could "significantly help [] in 'uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment and rebuttal.'").

Specifically, defendants understand, ▓▓▓

▇▇▇ personnel files, and documents concerning any complaints made by ▇▇▇ and investigations, findings, and outcomes relating to such complaints, are relevant to the defendants' preparation of this case. Likewise, the *absence* of such information, if that is the case, is also critically important, as it would undermine the claims ▇▇▇ now makes to the government. Defendants are unable to obtain ▇▇▇ personnel files and communications from ▇▇▇ and ▇▇▇ in the U.S. In addition, ▇▇▇

▇▇▇ Defendants have not identified any such materials in the government's production to date. Moreover, defendants cannot subpoena ▇▇▇ because he resides in the United Kingdom.

Although defendants do not have the burden of proof, they wish to be diligent about obtaining evidence they believe is significant and could impact the outcome of this case. The government has not produced the requested information in discovery, and defendants have no basis to conclude that the requested information is within the government's possession, custody, or control. Issuance of letters rogatory to ▇▇▇ is the only way available to defendants to obtain the requested information.

### C. Defendants Will Facilitate the Transmission of the Requested Letters Rogatory to the Relevant U.K. Authorities

Pursuant to 28 U.S.C. § 1781(b)(2), defendants can facilitate transmittal of the requested letters rogatory to the relevant tribunals in the United Kingdom to which they are addressed. Transmittal in this manner can be quicker than if diplomatic channels are used under 28 U.S.C. § 1781(a). *See* "Mutual Legal Assistance Treaties and Letters Rogatory: A Guide for Judges," Fed.

7

Judicial Center, 2014, at 17-18.[4]  To advance the process as quickly as possible, defendants respectfully request the Court to allow them to assist with transmittal.  Defendants will endeavor to take all necessary steps through appropriate counsel to receive the letters rogatory from this Court and submit them to the appropriate foreign court in the United Kingdom.  *See id.* at 18 ("Because the letter rogatory process is time-consuming and may involve unique issues of foreign procedural law, parties seeking evidence can arrange for local counsel in the foreign country to file the letter rogatory on their behalf, a strategy that may facilitate the process."); U.S. Attorneys' Manual § 275 (noting that letters rogatory requests made by DOJ may be "sent to an attorney in the foreign jurisdiction who is retained to present the request, obtain the evidence, and deliver it to the United States"); U.S. Dep't of State ("The time involved [in executing letters rogatory] may be shortened by transmitting a copy of the request through a local attorney directly to the foreign court . . . .").[5]  In so doing, any delay resulting from the requests herein will be minimized or avoided to the greatest degree possible.

### III.    CONCLUSION

Thus, Defendants request that this Court:

(a) sign and cause the Clerk of this Court to place the Court's official seal on the Letters of Request attached as Exhibits 1, 2, and 3 to Defendants' Motion;

---

[4]  *Available at*  https://www.fjc.gov/content/mutual-legal-assistance-treaties-and-letters-rogatory-guide-judges.
[5]  *Available at*  https://travel.state.gov/content/travel/en/legal-considerations/judicial/obtaining-evidence/preparation-letters-rogatory.html.

(b) require the Clerk of this Court to return the original, signed Letters of Request to counsel for the Defendants, so that the Letters of Request may be delivered to the Competent Judicial Authority in the United Kingdom;

(c) direct defendants' counsel to transmit the original, signed Letters of Request to the Competent Judicial Authority in the United Kingdom, so that defendants may obtain for use at trial potential evidence material to the claims and defenses at issue in this case; and

(d) Order that the complete, unredacted versions of this application and proposed Letters of Request be received by the Court *in camera* and filed under seal.

Dated: December 12, 2018                                    Respectfully submitted,

| FINN DIXON & HERLING LLP | KOBRE & KIM LLP |
|---|---|
| By: /s/<br>Alfred U. Pavlis<br>Andrew Calamari<br>Six Landmark Square<br>Stamford, CT 06901-2704<br>(203) 325-5000<br>apavlis@fdh.com | By: /s/<br>Sean S. Buckley<br>111 West Jackson Blvd, 17th Floor<br>Chicago, IL 60604<br>(312) 429-5100<br>sean.buckley@kobrekim.com |
| SALVATORE PRESCOTT & PORTER, PLLC | David H. McGill<br>Jonathan D. Cogan<br>Matthew I. Menchel |
| By: /s/<br>Julie B. Porter (6243787)<br>1010 Davis Street<br>Evanston, IL 60201<br>(312) 283-5711<br>porter@spplawyers.com | *Counsel for Defendant John Pacilio* |
| *Counsel for Defendant Edward Bases* | |

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 12, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will provide notice of the filing to counsel for the United States.

                                              By: /s/ Alfred U. Pavlis
                                                    Alfred U. Pavlis