UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

---------------------------------------------------------x
:
UNITED STATES OF AMERICA            :
                                    :   Case No.  18 CR 48
                                    :   Judge John Z. Lee
    v.                              :
                                    :
EDWARD BASES and JOHN PACILIO,      :
                                    :
        Defendants.                 :
                                    :
---------------------------------------------------------x

# MOTION FOR RECONSIDERATION

Defendants Edward Bases and John Pacilio respectfully request the Court's reconsideration of its order, ECF 279, granting the government's Motion to Seal ("Motion" or "Mot."), ECF 276.

In the Motion, the government requested the Court's permission to file a sealed, *ex parte* motion to obtain approval to file "certain records" with the Court under seal and *ex parte*. Mot. at 1. The Motion was filed on April 13 and noticed for presentment on May 12. The Court granted the Motion on April 14.

After the Court issued its ruling, defense counsel asked the government for more details about the justification for and contents of the proposed *ex parte* submissions to the Court. By email and through a meet-and-confer teleconference, the government offered little more than that the filing and records relate to Ankush Khardori's motion to intervene and Department of Justice employment or personnel files.[1]  As shown below, that paltry disclosure falls far short of this Circuit's standard to justify an *ex parte* submission.

---

[1] The government has not disclosed to Defendants the substance or contents of its *ex parte* motion or of the "certain records," other than what is described in this Motion for Reconsideration.

Defendants therefore respectfully request reconsideration of the order, particularly to the extent it allows the government to file materials *ex parte*. Defendants object to the government proceeding *ex parte* without first meeting the strict legal standard for doing so and explaining on the record how such a submission is appropriate. At the very least, the government must disclose to Defendants a more detailed justification for its proceeding *ex parte* in this instance, including (i) an explanation of how the documents are relevant on the narrow issue of intervention, and (ii) a log describing the "certain records" referenced in the Motion to Seal that the government seeks to place before the Court.

**ARGUMENT**

**I.     The Government Has Made No Attempt to Meet This Court's Standard for an *Ex Parte* Submission.**

"In our adversary system, *ex parte* motions are disfavored." *Ayestas v. Davis*, --- U.S. ---, 138 S. Ct. 1080, 1091 (2018); *see also United States v. Napue*, 834 F.2d 1311, 1318 (7th Cir. 1987). "They should be avoided whenever possible and, even when they are appropriate, their scope should be kept to a minimum." *Napue*, 834 F.2d at 1318. The use of *ex parte* communications is generally limited to the most sensitive of circumstances, such as applications for search warrants, to conduct surveillance, or to seize property, or where disclosure would threaten an ongoing investigation or the safety of witnesses or informants. *See, e.g.*, *Ayestas*, 138 S. Ct. at 1091 (collecting cases); *Napue*, 834 F.2d at 1318 n.3 (collecting cases); *United States v. Valencia*, 420 F. App'x 599, 601 (7th Cir. 2011) ("The district court rightly decided that the sensitive nature of these materials justified *ex parte* submission—disclosure through normal means could have threatened the safety of the informants by exposing their identities or jeopardized the government's investigation of the other players involved . . . .").

Because *ex parte* submissions "deprive the defendant of notice of the precise content of the communications and an opportunity to respond" and "can create both the appearance of impropriety and the possibility of actual misconduct," *Napue*, 834 F.2d at 1318–19, the Seventh Circuit generally favors disclosure of at least "the substance of" the *ex parte* materials to opposing counsel, *United States v. Rodriguez-Andrade*, 62 F.3d 948, 954 (7th Cir. 1995). In *Rodriguez-Andrade*, the court found that an *ex parte* communication concerning ongoing investigations of an accomplice were appropriate because "[d]efense counsel was informed of the substance of the letter." *Id.* at 954. And in *Napue*, the court noted that its concerns around *ex parte* submissions were alleviated because "in the discovery context presented here, the issue is when, not if, the information will be disclosed," and the defendant was "afforded access to a redacted transcript . . . and the entire *in camera* narrative." *Napue*, 834 F.2d at 1318 n.3.

The government has made no such disclosures to Defendants in this case and appears intent on proceeding in an entirely *ex parte* fashion. In its Motion, the government tried to justify proceeding *ex parte* based solely on "the nature of the Records," without explaining what it is about the records that demands secrecy even from Defendants. Mot. at 1. Defendants heard nothing during the subsequent meet-and-confer with the government that justified proceeding *ex parte* in this instance. Yet transparency is particularly important where, as here, the government's *ex parte* submission has implications for arguments that Defendants are actively pursuing before the Court. "Even where the government acts in good faith and diligently attempts to present information fairly during an *ex parte* proceeding, the government's information is likely to be less reliable and the court's ultimate findings less accurate than if the defendant had been permitted to participate." *Napue*, 834 F.2d at 1319.

When defense counsel requested additional information about the government's Motion, the government offered little more than that the materials involved Ankush Khardori's motion to intervene and Department of Justice employment or personnel files. Based on what the government shared, it appears the government is attempting to engineer a process in which it can obtain permission to disclose certain personnel records to the Court but at the same time withhold the records from the Defendants. But the government cannot have it both ways; if it wishes to use the records affirmatively in this case and have the Court consider them, then they must be shared with the Defendants as well. *See United States v. Shakur*, No. 97-cv-2908, 1998 WL 740922, at *2 (S.D.N.Y. Oct 21, 1998) ("[P]roduction accompanied by advocacy opens the door to advocacy by the other side, and that necessarily implies access."). Moreover, the government's *ex parte* submission appears to be designed to impeach Mr. Khardori's credibility and/or call into question his motivations, which have clear implications for Defendants' Motion to Compel, ECF 241, currently pending before the Court.[2] Under the governing law, the government's articulated reasons do not meet the high standard for an *ex parte* communication, and Defendants should have an opportunity to see and address whatever the government is placing before the Court. At a minimum, Defendants and their counsel are entitled to understand the substance of the government's *ex parte* submissions, how the proffered documents are relevant to the narrow question of Mr. Khardori's right to intervene, and a log describing the "certain records" that the government has filed with the Court. Mot. at 1.

---

[2] To the extent the government seeks to provide information in order to impeach Mr. Khardori, such a proffer should be subject to an evidentiary hearing, not *ex parte* proceedings.

**CONCLUSION**

WHEREFORE, Defendants Edward Bases and John Pacilio respectfully request that the Court reconsider its order, ECF 279, granting the Government's Motion to Seal.

Dated: April 22, 2020                                    Respectfully submitted,

    KOBRE & KIM LLP                                    FINN DIXON & HERLING LLP

By: /s/ David H. McGill                                  By: /s/ Alfred U. Pavlis
    David H. McGill                                         Alfred U. Pavlis
    111 West Jackson Blvd, 17th Floor                       Andrew M. Calamari
    Chicago, IL 60604                                       David R. Allen
    (312) 429-5100                                          Matthew B. Danzer
    david.mcgill@kobrekim.com                               Six Landmark Square
                                                            Stamford, CT 06901-2704
    Sean S. Buckley                                         (203) 325-5000
    Jonathan D. Cogan                                       apavlis@fdh.com
    Matthew I. Menchel
                                                            SALVATORE PRESCOTT
    *Counsel for Defendant John Pacilio*                    PORTER & PORTER, PLLC

                                                        By: /s/ Julie B. Porter
                                                            Julie B. Porter (6243787)
                                                            1010 Davis Street
                                                            Evanston, IL 60201
                                                            (312) 283-5711
                                                            porter@spplaw.com

                                                            *Counsel for Defendant Edward Bases*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 22, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will provide notice of the filing to counsel for the government.

      /s/ Alfred U. Pavlis
      Alfred U. Pavlis