UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>EDWARD BASES and<br>JOHN PACILIO,<br><br>Defendants. | Hon. John Z. Lee<br><br>No. 18-cr-48 |

## RESPONSE TO MOTION TO SEAL

The Court should direct the Government to disclose the contents of its under-seal filing to me forthwith (Dkt. No. 276).

On April 13, 2020, the Government filed a motion to seal with the Court—subsequently granted—stating that "the government is unable to explain in this publicly-filed motion its rationale for why it wishes to provide the Records under seal and *ex parte*." Based on the Defendants' filing yesterday regarding this motion (Dkt. No. 292), it is my understanding that this filing relates to "employment or personnel files" regarding my employment with the Department of Justice.

If that is accurate, there is no reason that this filing should not have been made without providing me with a copy—much less without even disclosing to me that the filing concerned me. The filing may be unlawful and constitute evidence to which I am now entitled. *See, e.g.*, *Big Ridge, Inc. v. Fed. Mine Safety & Health Review Comm'n*, 715 F.3d 631, 650 (7th Cir. 2013); U.S. Department of Justice, "Judicial Remedies and Penalties for Violating the Privacy Act," *available at* https://www.justice.gov/jm/eousa-resource-manual-142-judicial-remedies-and-penalties-violating-privacy-act.

If the Defendants' filing is accurate, this is the latest in a questionable pattern of behavior by the Department that appears designed to obscure and to deflect from potential misconduct by senior officials. I strongly suspect that, whatever the Government filed or proposes to file, it was incomplete or otherwise misleading, and that I can establish this if given the opportunity.

Dated: April 23, 2020

Respectfully submitted,

Ankush Khardori, Esq.
ankushk@gmail.com