UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

v.

EDWARD BASES and
JOHN PACILIO,

Defendants.

Hon. John Z. Lee

No. 18-cr-48

## MOTION TO COMPEL

The Government appears to have abused the use of *ex parte* filings with this Court in order to respond to concerns that it may have abused the use of *ex parte* filings with this Court. If true, this would be farcical except that it raises still more questions about the ethical comportment of the Government's attorneys.

The Court should direct the Government to provide me with a copy of its recent filing to the extent it pertains in any way to me.

\*         \*         \*

On April 13, 2020, the Government filed a motion to seal with the Court—subsequently granted—stating that "the government is unable to explain in this publicly-filed motion its rationale for why it wishes to provide the Records under seal and *ex parte*." Based on the Defendants' filing yesterday regarding this motion (Dkt. No. 292), it is my understanding that this filing may concern me.

In an effort to avoid burdening the Court with this motion, I emailed counsel for the Government at approximately 1:15 EST today asking the Government to confirm the accuracy of

the Defendants' filing. As of this filing, I have not received a response or acknowledgement of my email.

If the Defendants' claim is accurate, this is questionable behavior even by the standards of the Government's recent conduct in this proceeding. Under The Privacy Act, it is unlawful to disclose personnel information without an employee's consent. *See* 5 U.S.C. § 552a(b). It can also be a crime. *See* 5 U.S.C. § 552a(i)(1).

I do not want—and have never wanted—to be involved with the parties' dispute over the Memo, but I did not believe it was appropriate to permit the Government to mislead the Court and the Defendants. As I noted in my motion to intervene, I have no objection to the Government providing information to the Court if I am provided with a copy and an opportunity to respond. If the Government nevertheless made an *ex parte* disclosure concerning me, that is likely because it will not withstand scrutiny if I am allowed to weigh in—and because the Government may be embarrassed if I am allowed to provide the Court with a complete record.

In addition, if the Government abused the *ex parte* process in this instance, it is further indication that the *ex parte* tolling application filed with this Court may have been submitted for improper purposes. *Cf.* Fed. R. Evid. 404(b). If the Government is trying to impeach me (which it will fail at doing), this also suggests that the documentary record that it claims to have gathered is, in fact, not particularly favorable.

*     *     *

The Court should order the Government to disclose its *ex parte* filing to me if it in any way relates to me.

Dated: April 23, 2020

Respectfully submitted,

Ankush Khardori, Esq.
ankushk@gmail.com